IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| HSBC Bank USA National Association, | ) |
| | ) Case No. 12 C 50293 |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Gloria Stenlund, et al., | ) |
| | ) Judge Philip G. Reinhard |
| Defendants. | ) |

### ORDER

For the reasons stated below, plaintiff's motion [35] for leave to file an amended complaint is denied without prejudice. Plaintiff's motion [36] seeking appointment of a special representative is denied without prejudice. Plaintiff shall file a written status report on or before October 14, 2014.

### STATEMENT-OPINION

Plaintiff moves [35] for leave to file a first amended complaint in order to add counts to quiet title, reform the mortgage's legal description, and add additional defendants. Plaintiff also moves [36] for an order appointing a special representative for Warren Bridge, deceased, pursuant to 735 ILCS 5/13-209(b). Plaintiff asserts Bridge died in Utah on May 18, 2007 and that it is necessary for a special representative for him to be named as a defendant in order to quiet title.

Paragraph 22 of Count II of the proposed first amended complaint [35-1] states "there may be other persons whose names are unknown who may claim an interest or title right to the above-described property and such persons are made parties Defendant to this complaint by the name description of Unknown Owners and Nonrecord Claimants." Naming unknown owners or nonrecord claimants destroys diversity of citizenship jurisdiction, First Bank v. Tamarack Woods, LLC, No. 13-CV-00058, 2013 WL 5436373 (S.D. Ill. September 30, 2013), which is the only basis for subject matter jurisdiction alleged in the proposed first amended complaint. If the proposed first amended complaint is filed, the court will be required to dismiss this case for lack of subject matter jurisdiction. Plaintiff's motion to file a first amended complaint is denied without prejudice. Plaintiff is free to file a new motion for leave to file an amended complaint with a proposed complaint that conforms to the requirements for pleading diversity jurisdiction or it may file a new motion for leave to file an amended complaint that again adds nondiverse parties with the understanding that the motion, if granted, will result in the dismissal of this case for lack of subject matter jurisdiction.

1

If plaintiff elects to rectify the diversity of citizenship issue, the motion [36] to appoint a special representative will require briefing.  The Illinois statute, 735 ILCS 5/13-209(b)(2), on which plaintiff's motion is based, provides a court, without opening an estate, "appoint a special representative for the deceased party for the purposes of defending the action."  The court may do so "if no petition has been filed for letters of office for the deceased's estate."  However, the statute further provides "[i]f a party elects to have a special representative appointed under this paragraph (2), the recovery shall be limited to the proceeds of any liability insurance protecting the estate."  The action against Bridge is to quiet title.  It is unclear how 13-209(b)(2) would apply in light of the limitation of recovery to the proceeds of liability insurance.  Plaintiff will need to present some authority which allows the court to make such an appointment in a quiet title action where liability insurance does not appear to be in play.

ABN AMRO Mortgage Group, Inc. v. McGahan, 931 N.E.2d 1190 (Ill. 2010), footnoted by plaintiff in its motion to appoint does not provide such authority.  McGahan held that an Illinois foreclosure action is a quasi in rem rather than an in rem action so that a personal representative of a deceased mortgagor had to be named a defendant in a mortgage foreclosure action in order for the court to have subject matter jurisdiction.  It did not hold 13-209 (b)(2) was authority for a court to appoint a special representative for a deceased defendant in a quiet title action or mortgage foreclosure.  It held that a mortgagee had to name a personal representative of a deceased mortgagor as a defendant in order to proceed with the mortgage foreclosure.  This is different from the court appointing a special representative.  A different subsection, 735 ILCS 5/13-209(c), deals with how a party may  name a personal representative for a deceased person.  It does not deal with the court appointing a special representative.  Only 13-209(b)(2) provides for such an appointment and 13-209(b)(2) on its face does not appear to apply to the facts in this case.  If plaintiff chooses to continue in this court by resolving the diversity jurisdiction issue noted above, and wishes to proceed against Bridge, it will have to provide authority that allows it to do so.  Alternatively, plaintiff may be able to obtain appointment of a personal representative for Bridge under state probate law.

Plaintiff's motion [35] for leave to file an amended complaint is denied without prejudice.  Plaintiff's motion [36] seeking appointment of a special representative is denied without prejudice.  Plaintiff shall file a written status report on or before October 14, 2014.

Date: 9/15/2014                          ENTER:


                                         _____
                                         United States District Court Judge


Notices mailed by Judicial Staff. (LC)

2